IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | Civil Action No. |
| v. | )<br>) | |
| U.S. DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC  20201, | )<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Health and Human Services to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests

records from federal agencies, analyzes the responses it receives, and disseminates its findings to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Health and Human Services is an agency of the U.S. Government and is headquartered at 200 Independence Avenue, S.W., Washington, DC 20201. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 26, 2021, Plaintiff sent a FOIA request to the Administration for Children and Families ("ACF"), a component of Defendant U.S. Department of Health and Human Services, seeking access to:

> 1. All summaries from individual case files of reports of physical and/or sexual abuse or assault of Unaccompanied Alien Children under the care of HHS, its sub-agencies, and or VOLAGs, contractors, grantees, and sub-grantees, to include all segregable, non-exempt information.
>
> 2. Records reflecting aggregated data of physical and/or sexual abuse and assault of UACs under the care of HHS, its sub-agencies, and or VOLAGS, contractors, grantees, and sub-grantees.

The request was served by email via ACF's FOIA email portal, FOIA@acf.hhs.gov. The time frame of the request was identified as January 21, 2021 to February 26, 2021.

6. ACF acknowledged receipt of the request on February 26, 2021 and advised Plaintiff that the request had been assigned case number 21-F-0068.

7. As of the date of this Complaint, ACF has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the

requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8.  Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.  Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by March 26, 2021 at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 4 -

Dated:  April 30, 2021	Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
DC Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:	(202) 646-5172
Fax:	(202) 646-5199
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*